ALD-005                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3021
_____

IN RE:  ALTON D. BROWN,
                                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. Action No. 3-17-cv-01745)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 11, 2018

Before: MCKEE, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed:  November 6, 2018)
_____

OPINION[*]
_____

PER CURIAM

Alton Brown, a Pennsylvania state prisoner, has filed a petition for a writ of

mandamus asking us to compel the United States District Court for the Middle District of

Pennsylvania to give him the opportunity to pay the filing fee for his civil rights action

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

and seek reconsideration of the District Court's dismissal of his complaint. For the reasons that follow, we will deny the mandamus petition.

Brown filed a civil rights action and a declaration in support of a motion to proceed in forma pauperis ("IFP"). The District Court denied his request to proceed IFP pursuant to 28 U.S.C. § 1915(g) and dismissed his complaint without prejudice. Thereafter, Brown obtained a copy of the docket and filed a motion for leave to file an appeal nunc pro tunc stating that he never received the order dismissing his complaint. The District Court deemed the motion withdrawn because Brown did not file a supporting brief and denied his subsequent motion for reconsideration. Brown filed an appeal, which was dismissed for failure to pay the filing fee. His motion for reconsideration of the dismissal of his appeal is pending.

Brown alleges in his mandamus petition that the District Court refused to resolve a similar situation in another action that he filed, that it "harbors a vicious dislike" for him that is interfering with its duties and obligations, and that his failure to receive the Court's order is a direct result of its animosity against him. Brown contends that the District Court's actions are calculated to deprive him of appellate review and asserts that he should be able to take the actions that he would have been able to take had he timely received the order of dismissal.

"Traditionally, the writ of mandamus has been used to 'confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority

2

when it is its duty to do so.'" In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" Id. A petitioner must show that he has no other adequate means to attain the desired relief and that his right to the issuance of the writ is clear and indisputable. Id.

To the extent Brown contends that the District Court acted outside its authority and did not send him the dismissal order due to animosity against him, his allegation is unsupported. Brown points to a prior action in which he also asserted that he failed to receive a dismissal order. Brown filed a motion to reopen the time to appeal in that case and, although there was delay in the disposition of the motion, the District Court ultimately granted relief. See M.D. Pa. Civ. No. 14-cv-01180. In Brown's recent action, the docket reflects that the dismissal order would be sent to him at his place of confinement and Brown states that he received another order that had been issued a day earlier. He has not shown that mandamus relief is due based on the District Court's failure to adhere to the rules or its duties. To the extent Brown contends that he has no remedy in connection with his failure to receive the dismissal order because he is unable to proceed IFP on appeal under § 1915(g), mandamus cannot be used to evade the fee requirements of the Prison Litigation Reform Act. Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996), superseded in part by 3d Cir. L.A.R. 24.1(c).

Accordingly, we will deny the petition for a writ of mandamus.

3